IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY BARTKUS, | ) | |
| | ) | |
| Plaintiff, | ) | No.  09 C 3005 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| THOMAS MOTORS OF JOLIET, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Bartkus has filed an amended complaint against Thoms Motors of Joliet, Inc., alleging violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq., the Truth in Lending Act, 15 U.S.C. § 1601, et seq. as well as state law claims.  The dispute arises from plaintiff's attempted purchase of a Toyota Tundra vehicle (the "Vehicle") from defendant on April 1, 2009.  Defendant has moved to stay this action pending arbitration.  For the reasons discussed below, defendant's motion is granted, and this action is stayed pending the arbitration of this dispute with the American Arbitration Association.

On April 1, 2009, the parties executed three agreements apparently contemporaneously with the purchase of the Vehicle: an "Arbitration Agreement"; a "Purchase Order"; and a "Retail Installment Contract" to finance the purchase of the Vehicle.  The Arbitration Agreement provides in relevant part:

> You and we agree that if any Dispute arises, whether or not we have accepted the Order or completed the sale of the Vehicle, either you or we may demand in writing that the Dispute be arbitrated, in which case you and we agree that you and we will immediately stay any court proceedings and the plaintiff will submit the Dispute to binding arbitration by a single arbitrator under the "Supplementary Procedures for the Consumer-Related Disputes" of the American Arbitration Association then in effect, in Chicago, Illinois.

\* \* \* \*

>A "Dispute" is any controversy or claim that relates in any way to the Vehicle, including, but not limited to, claims relating to the negotiation or breach of the Order and/or bill of sale for the Vehicle; the application for, negotiation of, and financing for the Vehicle (whether or not you complete the purchase of the Vehicle or obtain financing from any particular lender); any dispute relating to any service contract, extended warranty, or other product purchased by you or provided to you at the time you purchased the Vehicle or within 30 days thereafter, and any questions regarding whether a matter is subject to arbitration under these provisions.
>
>The Purchase Order provides in relevant part:
>
><u>Agreement to Arbitrate Disputes</u>: The Arbitration Agreement signed in connection with this purchase order is a part of this purchase order and is hereby incorporated by reference. I acknowledge that I have read the Arbitration Agreement and agree to its terms and conditions. Buyers initial: _____

Plaintiff initialed the "Agreement to Arbitrate Disputes" in the space provided above in the original agreement.

The Retail Installment Contract does not contain an arbitration clause, but does contain an integration clause that reads: "This contract is the entire agreement between You and the Creditor." "Creditor" is defined as defendant Thomas Motors of Joliet, Inc., although the Retail Installment Contract notes that the contract will be assigned to Wells Fargo. Plaintiff's opposition to arbitration is based solely on the lack of an arbitration clause in the Retail Installment Contract, along with the integration clause in that agreement. According to plaintiff, there were two transactions, one a cash transaction represented by the purchase order (which incorporates the Arbitration Agreement), and a second transaction for a credit purchase, represented by the Retail Installment Contract. Although plaintiff makes much of the difference in the total prices in the Purchase Order and the Retail Installment Contract ($38,885.68 and $39,580.68 respectively), the court notes that the documents provided by the parties indicate that

the difference is obviously accounted for by the additional "Debt Cancellation Coverage" of $695 included in the Retail Installment Contract.

In any event, plaintiff's opposition to arbitration is incorrect. There is no dispute that plaintiff executed the Arbitration Agreement and the Purchase Order that incorporates that agreement on the same date that plaintiff purchased (or attempted to purchase) the Vehicle and signed the Retail Installment Contract. That Arbitration Agreement determines who decides whether the dispute is arbitrable. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). If the parties agreed to submit the question of arbitrability to the arbitrator, then the arbitrator has the primary power to decide whether the dispute is arbitrable. That decision is then subject to deferential judicial review. Id. In the instant case, the Arbitration Agreement specifically provides that it applies to "any question regarding whether a matter is subject to arbitration under these provisions. The only issue in this case is whether the valid Arbitration Agreement was somehow superceded by the Retailer Installment Contract. Under the specific terms of the agreements between the parties that is an issue for the arbitrator to decide.

The court notes that the parties have relied on several state court decisions that apparently reach different conclusions concerning a merger or integration clause in a retail installment contract executed contemporaneously with an arbitration agreement. See Krueger v. Heartland Chevrolet, Inc., 2009 WL 1044948 (Mo. App. Ct. 2009) (finding that the integration clause in the retail installment contract negates the arbitration clause in the purchase order); Ritter v. Grady Automotive Group, Inc., 873 So. 2d 1058 (Ala. S. Ct. 2007) (finding the opposite). Neither case, of course, constitutes precedent in this court, which nevertheless finds

the reasoning of the Alabama Supreme Court more persuasive than that of the intermediate Missouri Appellate Court.

Defendant's motion to stay these proceedings is granted, and the parties are directed to submit their dispute to binding arbitration as provided in the Arbitration Agreement. Should the arbitrator determine the dispute is not arbitrable, the parties shall promptly report that decision to this court. This matter is set for a report on status December 22, 2009, at 9:00 a.m. All other pending motions are terminated without prejudice to renewal in the event the arbitrator determines the dispute is not subject to arbitration.

**ENTER:** **August 27, 2009**

_____
**Robert W. Gettleman**
**United States District Judge**